**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Javier ORTIZ–AROZENA,**
**Defendant–Appellant.**

No. 05–40666.

**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 24, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Philip G. Gallagher, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Javier Ortiz–Arozena appeals his guilty-plea conviction for being an alien present in the United States after deportation. The district court sentenced Ortiz to sixty-two months of imprisonment to be followed by a three-year term of supervised release. He challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Ortiz's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Ortiz contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains

---

binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Ortiz properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

The district court's judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.